United States District Court
Southern District of Texas
**ENTERED**
May 03, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THEODORE KING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-4180 |
| | § | |
| FIRST COMMUNITY CREDIT, TRANSUNION, EXPERIAN, and EQUIFAX, | § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Theodore King, representing himself, has sued the defendants for gathering and incorrectly reporting his credit information. The court previously dismissed King's complaint against First Community Credit and Trans Union. (Docket Entry No. 18). Equifax has now have moved to dismiss the complaint, (Docket Entry Nos. 20), and Experian has moved for judgment on the pleadings. (Docket Entry No. 22). The court grants the motions for the reasons given in its previous opinion, which it briefly sets out below.

Because King is not a lawyer and is representing himself, the court liberally construes his allegations. *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021). In his "Brief Summary of Claims," King asserts:

> The Defendant [*sic*] herein failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances . . . (1) Defendant as an agency failed to update financial and credit reports; (2) failed to maintain the proper standards of giving credit report; (3) provided . . . inaccurate financial and credit information; (4) and committed actions, errors and poorly maintained files amounting to serious negligence in violation of federal laws, especially under "FCRA"; (5) where such failure as a result affected Plaintiff that he was unable to acquire favorable funding, having denied due to inaccurate credit file and information which caused or likely to have caused substantial injury.

(Docket Entry No. 1 ¶ 6). King's complaint has five counts. Counts one and three allege violations of the Fair Credit Reporting Act, counts two and four two allege violations of the Federal Trade Commission Act, and count five alleges a "Right to Multiple Damages." (*Id.* ¶¶ 7–19).

## I.     The Legal Standard

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted lawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting Twombly, 550 U.S. at 555).

A motion for judgment on the pleadings is evaluated by "the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010).

**II.     Analysis**

Construing the complaint liberally, the court concludes that King has failed to state claims against these defendants. King does not allege facts relating to conduct by either Equifax or Experian. Rather, the complaint refers to several federal statutes and asserts that the defendants violated them. These conclusory assertions are insufficient to state a claim.

Count one of the complaint appears to allege the negligent reporting of King's credit, but this claim is preempted by the Fair Credit Reporting Act. "The FCRA preempts state law . . . negligent reporting claims unless the plaintiff consumer proves 'malice or willful intent to injure' him." *Young v. Equifax Credit Info. Services, Inc.*, 294 F.3d 631, 638 (5th Cir. 2002). King does not allege any facts suggesting malice or willfulness. Count one is dismissed, with prejudice because amendment would be futile.

Counts two and four are also dismissed with prejudice, because there is no private right of action under section 5(a), codified at 15 U.S.C. § 45(a), of the Federal Trade Commission Act. *Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978) ("[T]here is no private cause of action for violation of the FTC Act."); *Johnson v. Verrengia*, No. A-17-CA-00295-SS, 2017 WL 8181535, at *1 (W.D. Tex. June 19, 2017) ("It is well-established . . . that Section 5(a) of the FTCA does not provide a private right of action.") (collecting cases).

Count five is dismissed with prejudice because King has failed to allege any cause of action associated with this claim.

Finally, King did not file an amended complaint against First Community Credit or Trans Union by March 13, 2023. (Docket Entry No. 18). The court informed King that failure to file an amended complaint by that date would lead to dismissal with prejudice. (*Id.*). In light of King's failure to file an amended complaint, the court now dismisses the complaint against First Community Credit and Trans Union with prejudice.

### III. Conclusion

The court grants the motion to dismiss and motion for judgment on the pleadings. (Docket Entry Nos. 20, 22). Counts one, two, four, and five are dismissed with prejudice because the court finds amendment would be futile.

The complaint against First Community Credit and Trans Union is dismissed with prejudice.

King must file an amended complaint against Equifax and Experian by **June 5, 2023**. Failure to do so will result in dismissal with prejudice.

The initial conference scheduled for May 12, 2023, is cancelled and will be reset upon the filing of an amended complaint.

SIGNED on May 3, 2023, at Houston, Texas.

Lee H. Rosenthal
United States District Judge